Grimke, J.
It is admitted by the counsel for the defendant that 373] a husband may, during his life, settle a separate estate *upon his wife; that is, he may (there being no claims of creditors to forbid it) transfer property to his wife in which she never had any beneficial interest, and which will inure to her as her separate estate. This may be done even without the appointment of a trustee. A court of equity would, if necessary, appoint one to execute the intentions of the husband. But the equity of the wife in the present case, presents even a stronger case to the consideration of the court, for ’in the money she once had a beneficial interest, of the advantage of which she is deprived by the rules which are administered in a court of law. That the rules, which are established in the two courts, are very different, is evident from the whole doctrine relative to the separate property of the *374 wife, a doctrine which has been built up exclusively in the court of chancery, and which has been recognized in the courts of this country as well as in England. This does not produce any contradiction in the law administered by the two courts. It is not that a court of chancery and a court of common law may pronounce totally diverse opinions about one and the same subject matter, of which both may equally entertain jurisdiction, but rather that there is a class of cases which belong peculiarly to a court of equity, and which are, for that reason, withdrawn from the consideration of a court of law. And of this nature are agreements between husband and wife, where it is the intention of the husband, either oxpressly or by strong and reasonable implication, to give property which once was his to his wife, to her separate and individual use; and this property may be either real or personal, though in the great majority of cases a settlement of this kind embraces real property, as being more stable, and more capable of being withdrawn from the future control of the husband. If John Huber had been a wealthy man, and had, by a solemn deed and conveyance, transferred land and money to trustees for the use of his wife, there can be very little doubt but what such a conveyance would have been upheld as an effectual settlement in favor of his wife. But the intervention of trustees is not necessary. Trustees afford a great protection to the wife in the *event of the husband becoming embarrassed. They [374 interpose a protection against the too easy alienation of her property under such circumstances, and therefore it is very usual to convey the property to them for her use. But as to such property the wife is, to all intents and purposes, a, feme sole, even during the life of the husband. But in this case John Huber was not a wealthy man, and he has not adopted the form of a deed of settlement to cany into effect his intentions, nor was it necessary that he should do so, if we are satisfied that it was his design to give this money to his wife. A note from a husband to his wife is a very unusual thing, and this very circumstance in.this ease is, in consequence of its uncommonness, a convincing argument that he intended to withdraw the money, of which it was the evidence, from his own control, and to give it absolutely to his wife. There is no meaning to the transaction, unless this interpretation is put upon it, and when, with this circumstance, is combined the fact that the money was not originally his, the presumption as to hi.s *375 intent is turned into a certainty, and enables a court of equity to fasten upon it in order completely to further his design. The cases are sufficiently numerous to show that this is a correct conclusion. In Lucas v. Lucas, 1 Atk. 270, Lord Hardwicke held that in chancery even gilts between husband and wife have been supported, although at law the property is not permitted to pass. And in Slanning v. Style, 3 P. Wms. 337, it is held that where a husband, voluntarily and after marriage, allows the wife, for her separate use, to make profit of various articles beyond what was used in the family, but of which the wife saves £100, which the husband borrows and dies, the court will uphold the agreement. These two cases are very strong and greatly resemble the present. I do not know what more we can require, if we are in search of light from adjudged precedents, unless in place of a most striking analogy, we demand an absolute and exact identity of the cases in all their parts. There are numerous other cases which establish the same doctrine, and which, in spite of the strict rules of the common 375] law, have declared that the husband and wife, instead *of being immutably one and the same person, may have separate wills. And this doctrine is upheld for the purpose of maintaining, and not to destroy or impair the family relation. There must, then, be a decree for the complainant, for the evidence, so far as regards this note, fully establishes the facts alleged in the bill. Decree for the complainant.